UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANISSA LAWSON,

     Applicant,

v.                                          CASE NO. 8:17-cv-1628-T-23JSS

SECRETARY, Department of Corrections,

     Respondent.
_____/

## ORDER

Lawson applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges her convictions for (1) seven counts of procuring a person under eighteen for prostitution, (2) a count of using a child in a sexual performance, (3) six counts of principal to lewd and lascivious battery with a child twelve or older but less than sixteen, and (4) a count of child abuse. Lawson is imprisoned for twenty years. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 9) The respondent both argues that most of Lawson's grounds for relief are barred by her guilty plea and admits that the application is timely. (Response at 6 Doc. 9)

I.  **BACKGROUND**

Lawson recruited and prostituted underage girls for her financial gain. In a twenty-two count information Lawson, her boyfriend, and another individual were charged with various sex offenses involving a minor. Lawson was charged in counts

one through fifteen, her boyfriend was charged in counts sixteen through nineteen, and the other defendant was charged in the remaining three counts. Under the terms of his plea agreement, the other defendant would have testified against Lawson. Also, Lawson's boyfriend was offered a plea agreement. Instead of contesting the charges and without a plea agreement, Lawson pleaded *nolo contendere*. A conviction based on a plea of *nolo contendere* is reviewed the same as a conviction based on a guilty plea. *North Carolina v. Alford*, 400 U.S. 25, 37 (1970); *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1983).

## II.    GUILTY PLEA

Lawson alleges seven grounds of ineffective assistance of counsel and an eighth ground of cumulative error. Five of the seven grounds of ineffective assistance are based on a pre-plea event and challenge neither the voluntariness of the plea nor the trial court's jurisdiction, specifically, not moving to suppress pre-*Miranda* statements (ground one); neither investigating nor moving to suppress counts 3–5 and 11–13 in the information (ground two); neither investigating nor moving to dismiss counts 7 and 14 in the information (ground three); neither investigating nor moving to dismiss counts 1 and 9 in the information (ground four); and allowing Lawson to plead to the charge of using a child in a sexual performance as alleged in count 8 (ground six).

Lawson must overcome the "well settled [general principle] that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S.

504, 508 (1984).  And, as *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), explains, a

guilty plea waives a non-jurisdictional defect:

> [A] guilty plea represents a break in the chain of events which
> has preceded it in the criminal process. When a criminal
> defendant has solemnly admitted in open court that he is in fact
> guilty of the offense with which he is charged, he may not
> thereafter raise independent claims relating to the deprivation of
> constitutional rights that occurred prior to the entry of the guilty
> plea.

This waiver of rights precludes most challenges to the conviction.  *E.g., United*

*States v. Patti*, 337 F.3d 1217, 1320 (11th Cir. 2003) ("Generally, a voluntary,

unconditional guilty plea waives all non-jurisdictional defects in the proceedings."),

and *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) ("A defendant who

enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality

of the conviction, and only an attack on the voluntary and knowing nature of the

plea can be sustained.").

As explained in *Hutchins v. Sec'y, Dep't of Corr.*, 273 F. App'x 777, 778 (11th

Cir.),[1] *cert. denied*, 555 U.S. 857 (2008), a guilty plea waives a claim of ineffective

assistance of counsel based on a pre-plea event.

> In his habeas petition, Hutchins alleges that his trial counsel was
> ineffective for failing to explicitly define and advise him of a
> statute of limitations defense prior to advising him to waive that
> defense and plead guilty. Hutchins's voluntary guilty plea,
> however, waived any ineffective assistance of counsel claim.

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as
persuasive authority." 11th Cir. Rule 36-2.

Consequently, the entry of a guilty plea waives a claim (other than a challenge to the court's jurisdiction or a challenge to the voluntariness of the plea), including both a substantive claim and a purported failing of counsel that occurred before entry of the plea, as *United States v. Ruiz*, 536 U.S. 622, 630–31 (2002), explains:

> [T]his Court has found that the Constitution, in respect to a defendant's awareness of relevant circumstances, does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor. *See Brady v. United States,* 397 U.S. [742], 757 [(1970)] . . . (defendant "misapprehended the quality of the State's case"); *ibid.* (defendant misapprehended "the likely penalties"); *ibid.* (defendant failed to "anticipate" a change in the law regarding relevant "punishments"); *McMann v. Richardson,* 397 U.S. 759, 770, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970) (counsel "misjudged the admissibility" of a "confession"); *United States v. Broce,* 488 U.S. 563, 573, 109 S. Ct. 757, 102 L. Ed. 2d 927 (1989) (counsel failed to point out a potential defense); *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973) (counsel failed to find a potential constitutional infirmity in grand jury proceedings).

Because each allegation is based on a pre-plea event and challenges neither the voluntariness of the plea nor the trial court's jurisdiction, each allegation of ineffective assistance of counsel alleged in grounds one through four and six is barred by Lawson's plea.  The allegations of ineffective assistance of counsel alleged in grounds five, seven, and eight are entitled to a review on the merits.

### III.   <u>STANDARD OF REVIEW</u>

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding.  *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000).  Section 2254(d), which creates a highly

deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Williams v. Taylor*, 529 U.S. 362, 412–13 (2000), explains this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied — the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States" or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different

from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 693 (2002). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). *See White v. Woodall*, 572 U.S. 415, 427 (2014) ("The critical point is that relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question . . . .") (citing *Richter*); *Woods v. Donald*, 575 U.S. 312, 316 (2015) ("And an 'unreasonable application of' those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice.") (citing *Woodall*, 572 U.S. at 419). *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide."). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case. "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. at 694. A federal court must afford due deference to a state court's decision. "AEDPA

prevents defendants — and federal courts — from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, 559 U.S. 766, 779 (2010). *See also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt' . . . .") (citations omitted).

When the last state court to decide a federal claim explains its decision in a reasoned opinion, a federal habeas court reviews the specific reasons as stated in the opinion and defers to those reasons if they are reasonable. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018) ("[A] federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable."). When the relevant state-court decision is not accompanied with reasons for the decision, the federal court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale [and] presume that the unexplained decision adopted the same reasoning." *Wilson*, 138 S. Ct. at 1192. The State may contest "the presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision . . . ." *Wilson*, 138 S. Ct. at 1192.

Notwithstanding her plea of *nolo contendere*, Lawson appealed. The state appellate court affirmed Lawson's convictions. (Respondent's Exhibit 6) In a *per curiam* decision without a written opinion the state appellate court affirmed the denial of Lawson's subsequent Rule 3.850 motion for post-conviction relief.

(Respondent's Exhibit 9)  The state appellate court's *per curiam* affirmance warrants deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due."  *Wright v. Moore*, 278 F.3d 1245, 1254, *reh'g and reh'g en banc denied*, 278 F.3d 1245 (11th Cir. 2002), *cert. denied sub nom Wright v. Crosby*, 538 U.S. 906 (2003).  *See also Richter*, 562 U.S. at 100 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."), and *Bishop v. Warden*, 726 F. 3d 1243, 1255–56 (11th Cir. 2013) (describing the difference between an "opinion" or "analysis" and a "decision" or "ruling" and explaining that deference is accorded the state court's "decision" or "ruling" even absent an "opinion" or "analysis").

As *Pinholster* explains, 563 U.S. at 181–82, review of the state court decision is limited to the record that was before the state court:

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, i.e., the record before the state court.

Lawson bears the burden of overcoming by clear and convincing evidence a state court's fact determination.  "[A] determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of

rebutting the presumption of correctness by clear and convincing evidence."

28 U.S.C. § 2254(e)(1). This presumption of correctness applies to a finding of fact

but not to a mixed determination of law and fact. *Parker v. Head*, 244 F.3d 831, 836

(11th Cir.), *cert. denied*, 534 U.S. 1046 (2001). The state court's rejection of Lawson's

post-conviction claims warrants deference in this federal action. (Order Denying

Motion for Post-Conviction Relief, Respondent's Exhibit 2 at 65–73) Lawson's

federal application presents the same grounds of ineffective assistance of counsel that

she presented to the state courts.

## IV.   INEFFECTIVE ASSISTANCE OF COUNSEL

Lawson claims ineffective assistance of counsel, a difficult claim to sustain.

"[T]he cases in which habeas petitioners can properly prevail on the ground of

ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d

1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386

(11th Cir. 1994)). *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains

that *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of

counsel claim:

> The law regarding ineffective assistance of counsel claims is
> well settled and well documented. In *Strickland v. Washington*,
> 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the
> Supreme Court set forth a two-part test for analyzing ineffective
> assistance of counsel claims. According to *Strickland*,
>
> First, the defendant must show that counsel's performance was
> deficient. This requires showing that counsel made errors so
> serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment. Second,
> the defendant must show that the deficient performance
> prejudiced the defense. This requires showing that counsel's

> errors were so serious as to deprive the defendant of a fair trial,
> a trial whose result is reliable.

*Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Lawson must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691. To meet this burden, Lawson must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  466 U.S. at 694.

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."  466 U.S. at 690–91.  As White v. Singletary, 972 F.2d 1218, 1220–21 (11th Cir. 1992), explains, Lawson cannot meet her burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable . . . .  [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

Additionally, Hittson v. GDCP Warden, 759 F.3d 1210, 1267 (11th Cir. 2014), cert. denied sub nom., Hittson v. Chatman, 135 S. Ct. 2126 (2015), discusses the required extent of counsel's investigation:

> [W]e have explained that "no absolute duty exists to investigate particular facts or a certain line of defense."

- 11 -

> *Chandler*, 218 F.3d at 1317. "[C]ounsel has a duty to
> make reasonable investigations or make a reasonable
> decision that makes particular investigations unnecessary."
> *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066 (emphasis added).
> "[C]ounsel need not always investigate before pursuing or not
> pursuing a line of defense. Investigation (even a nonexhaustive,
> preliminary investigation) is not required for counsel reasonably
> to decline to investigate a line of defense thoroughly." *Chandler*,
> 218 F.3d at 1318. "In assessing the reasonableness of an
> attorney's investigation . . . a court must consider not only the
> quantum of evidence already known to counsel, but also
> whether the known evidence would lead a reasonable attorney
> to investigate further." *Wiggins*, 539 U.S. at 527, 123 S. Ct.
> at 2538.

*See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (confirming that counsel has no duty to raise a frivolous claim).

Under Section 2254(d) Lawson must prove that the state court's decision "(1) [was] contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) [was] based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Sustaining a claim of ineffective assistance of counsel is very difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Richter*, 562 U.S. at 105.  *See also Pinholster*, 563 U.S. 202 (An applicant  must overcome this "'doubly deferential' standard of *Strickland* and the AEDPA."); *Nance v. Warden, Ga. Diag. Prison*, 922 F.3d 1298, 1303 (11th Cir. 2019) ("Given the double deference due, it is a 'rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.'") (quoting *Johnson v. Sec'y, Dep't of Corr.*, 643 F.3d

907, 911 (11th Cir. 2011)), *cert. denied*, 140 S. Ct. 2520 (2020); and *Pooler v. Sec'y,*

*Dep't of Corr.*, 702 F.3d 1252, 1270 (11th Cir. 2012) ("Because we must view Pooler's

ineffective counsel claim — which is governed by the deferential *Strickland* test —

through the lens of AEDPA deference, the resulting standard of review is "doubly

deferential."), *cert. denied*, 571 U.S. 874 (2013).

       In summarily denying Lawson's motion for post-conviction relief, the state

court recognized that *Strickland* governs a claim of ineffective assistance of counsel.

(Respondent's Exhibit 2 at 67)  Because the state court rejected the grounds based

on *Strickland*, Lawson cannot meet the "contrary to" test in Section 2254(d)(1).

Lawson instead must show that the state court unreasonably applied *Strickland* or

unreasonably determined the facts.  In determining "reasonableness," a federal

application for the writ of habeas corpus authorizes determining only "whether the

state habeas court was objectively reasonable in its *Strickland* inquiry," not an

independent assessment of whether counsel's actions were reasonable.  *Putnam v.*

*Head*, 268 F.3d 1223, 1244, n.17 (11th Cir. 2001), *cert. denied*, 537 U.S. 870 (2002).

       As explained above, neither a guilty plea nor a *nolo contendere* plea waive a

claim of ineffective assistance of counsel that challenges either the voluntariness of

the plea or a post-plea event, such as sentencing.  Nevertheless, the *Strickland*

standard controls a claim that counsel was ineffective in recommending that a client

plead guilty, *Hill v. Lockhart*, 474 U.S. 52 (1985), *Agan v. Singletary*, 12 F.3d 1012

(11th Cir. 1994), and greater evidence is needed to prove both deficient performance

and prejudice if the client pleads guilty.  For the deficient performance requirement,

"counsel owes a lesser duty to a client who pleads guilty than to one who decided to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." *Wofford v. Wainwright,* 748 F.2d 1505, 1508 (11th Cir. 1984).  And to prove prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59.

The presumption of correctness and the highly deferential standard of review requires that the analysis of each ground begin with the state court's analysis.

**Ground Five:**

Lawson alleges that counsel was ineffective for allowing her "to plea to a charge she had no involvement in, nor full understanding of what she was pleading to, therefore rendering her plea as involuntary."  (Doc. 1 at 15)  The post-conviction court addressed grounds five and six[2] together and denied relief as follows (Respondent's Exhibit 2 at 70–72) (footnotes referencing attachments omitted):

> In Ground Five, Defendant alleges that there was no factual basis for Count 6 because she did not commit the act as charged. She claims she did not commit the act as it relates to victim N.M. and that her attorney never asked her about the charges. In Ground Six. Defendant alleges that the detective did not question her about Count 8, "use of a child in a sexual performance" charge. She further alleges that she did not have any knowledge of the charged act. Therefore, she alleges

---

[2]  As discussed above, by pleading *nolo contendere* Lawson waived the claim of ineffective assistance of counsel alleged in ground six.

counsel was ineffective because he failed to require the State to prove a factual basis on this Count.

The Court found a factual basis for the charges and plea based on the probable cause affidavit (PCA), which was based on the victims' statements to law enforcement as well as Defendant's own statements to law enforcement. These include Defendant's own statements that she watched two juveniles engage in oral sex on each other in front of her, as well as one victim's statement that Defendant watched her have sex with Defendant's boyfriend. In light of the PCA and Defendant's own statements, the Court finds that even if Defendant's counsel had required the State to prove a factual basis for Counts 6 and 8, the outcome would have remained the same. Defendant has failed to establish prejudice in Grounds Five and Six and those claims will, likewise, be denied.

Moreover, the purpose of a plea is to accept the factual basis for the charges and avoid a trial. During her plea and sentencing hearing, Defendant affirmed under oath that not only did she understand the charges against her, but she also understood she was giving up her right to have a full trial. She further affirmed that she spoke to her attorney and was thoroughly advised on the matter. She additionally confirmed that her attorney shared all of the information with her on the case and that she was satisfied with the work he had done on her case. When the Court asked Defendant whether she was aware of the Jimmy Ryce Act, Defendant responded, "No." This shows that she was actively listening to the questions asked rather than simply saying "yes" to everything. At any time during the questioning about her attorney's work, she could have voiced her displeasure or explained that she did not understand the charges, but instead she affirmatively indicated she was satisfied.

In ground five Lawson alleges that her plea was involuntary because she did not "full[ly] understand[ ] what she was pleading to" regarding count six of the information, which charged the sixth of seven counts of procuring a person under eighteen for prostitution. The post-conviction court found (1) that a factual basis supported the charge, (2) that Lawson had thoroughly discussed the charge with her counsel, and (3) that the record showed that Lawson understood the rights she was

- 15 -

waiving by pleading *nolo contendere*.  Attachment five to the post-conviction court's

order shows that Lawson pleaded knowingly, intelligently, and voluntarily as

required under *Boykin v. Alabama*, 395 U.S. 238, 243 (1969).  (Respondent' Exhibit 2

at 103–07)  Consequently, Lawson fails to meet her burden of showing that the state

court's denial of her claim of ineffective assistance of counsel either "(1) resulted in a

decision that . . . involved an unreasonable application of clearly established Federal

law, as determined by the Supreme Court of the United States; or (2) resulted in a

decision that was based on an unreasonable determination of facts in light of the

evidence presented in the State court proceeding."  Section 2254(d)(1) and (2).

**Grounds Seven and Eight:**

In ground seven Lawson alleges that counsel was ineffective for failing "to

make Ms. Lawson fully aware of all charges, severity of the charge, and the sentence

she was facing, therefore rendering her plea involuntary." (Doc. 1 at 20)  In ground

eight Lawson alleges that the cumulative effect of counsel's errors denied her "fair

treatment." (Doc. 1 at 22)  The post-conviction court addressed these grounds

together and denied relief as follows (Respondent's Exhibit 2 at 72) (footnotes

referencing attachments omitted):

> Regarding Defendant's Ground Seven, the claims are
> inherently incredible. Defendant alleges her counsel did not,
> at any point, explain the charges to her or possible defenses.
> Defendant's private attorney was appointed by order dated
> May 24, 2012. Defendant pled to the charges on October 19,
> 2012. She effectively alleges that her attorney spoke to her
> once or twice for short periods of time during the approxi-
> mately five month period her case was pending, and that
> during those short conversations the attorney didn't discuss
> her case with her. As explained above, Defendant went to

her plea hearing and affirmed under oath that she understood the charges. Additionally, at sentencing, Defendant read statements to the Court and to the victim apologizing for her actions. It is difficult to believe that Defendant's attorney left her so unprepared that she had no idea what she was pleading to, or alternatively, that Defendant lied to the Court while under oath when asked about her plea or had no idea what she was apologizing for at sentencing. This ground will be denied.

Ground Eight alleging cumulative ineffective assistance of counsel will also be denied. As Defendant failed to demonstrate ineffective assistance in any of the preceding claims, no cumulative ineffective assistance of counsel may be found either.

As discussed above under ground five, the record supports the post-conviction court's finding that Lawson both thoroughly discussed the charges with her counsel and understood the rights she was waiving by pleading *nolo contendere*.  "[T]he representations of the defendant . . . [at the plea proceeding] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).  *Accord Saldo v. Crosby*, 162 F. App'x 915, 917 (11th Cir. 2006) (applying *Allison*).  Additionally, attachment five to the post-conviction court's order shows that Lawson pleaded knowing the maximum possible sentence for each count.  (Respondent' Exhibit 2 at 102–03)  Consequently, Lawson fails to meet her burden of showing that the state court's denial of her claim of ineffective assistance of counsel either "(1) resulted in a decision that . . . involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a

decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding." Section 2254(d)(1) and (2).

Lastly, the post-conviction court correctly determined that "no cumulative ineffective assistance of counsel may be found" because Lawson "failed to demonstrate ineffective assistance in any of the preceding claims." Lawson can prove cumulative error only by showing two or more errors. "Without harmful errors, there can be no cumulative effect compelling reversal." *United States v. Barshov*, 733 F.2d 842, 852 (11th Cir. 1984), *cert. denied*, 469 U.S. 1158 (1985). Because each individual claim of error lacks merit, Lawson shows no cumulative prejudicial effect. *See Mullen v. Blackburn*, 808 F.2d 1143, 1147 (5th Cir. 1987) ("Mullen cites no authority in support of his assertion, which, if adopted, would encourage habeas petitioners to multiply claims endlessly in the hope that, by advancing a sufficient number of claims, they could obtain relief even if none of these had any merit. We receive enough meritless habeas claims as it is; we decline to adopt a rule that would have the effect of soliciting more and has nothing else to recommend it. Twenty times zero equals zero.").

## V.   CONCLUSION

Lawson fails to meet her  burden to show that the state court's decision was either an unreasonable application of controlling Supreme Court precedent or an unreasonable determination of fact. As *Burt v. Titlow*, 571 U.S. 12, 19–20 (2013), states, an applicant's burden under Section 2254 is very difficult to meet:

> Recognizing the duty and ability of our state-court colleagues to adjudicate claims of constitutional wrong, AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires "a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. [86, 103] (2011). "If this standard is difficult to meet" — and it is — "that is because it was meant to be." *Id.*, at [102]. We will not lightly conclude that a State's criminal justice system has experienced the "extreme malfunctio[n]" for which federal habeas relief is the remedy. *Id.*, at [103] (internal quotation marks omitted).

Lawson's application for the writ of habeas corpus (Doc. 1) is **DENIED**.  The clerk must enter a judgment against Lawson and **CLOSE** this case.

## DENIAL OF BOTH
## A CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Lawson is not entitled to a certificate of appealability  ("COA").  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of her  application.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Lawson must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues she seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001).  Because she fails to show that

reasonable jurists would debate either the merits of the grounds or the procedural issues, Lawson is entitled to neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Lawson must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on September 4, 2020.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE